UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE N. EDMOND, | ) Case No. 1:26-cv-00140-KES-FJS |
| Plaintiff, | ) FINDINGS AND |
| | ) RECOMMENDATION THAT |
| v. | ) PLAINTIFF'S MOTION FOR |
| | ) SANCTIONS AGAINST |
| United States of America, | ) DEFENDANT'S ATTORNEY OF |
| | ) RECORD BE DENIED |
| Defendants. | ) |
| | ) (ECF Nos. 36, 37) |
| | ) |
| | FOURTEEN-DAY DEADLINE |

Plaintiff Jessie N. Edmond ("Plaintiff") is proceeding *pro se* in this tort action pursuant to the Federal Tort Claims Act and alleges that the United States of America provided negligent medical care that injured Plaintiff. *See* 28 U.S.C. §§ 1346(b), 2671-2680. (ECF No. 1 at ¶¶1-2.) Plaintiff further alleges that the United States' "ongoing conduct foreseeably and naturally escalated and prolonged [his] injur[ies] through continued denial of care, retaliation, record inaccuracies, and obstruction of redress." (*Id.*)

Upon review, the undersigned recommends Plaintiff's motions for sanctions be denied.

PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff filed two motions for sanctions against Assistant United States Attorney Alyson A. Berg, the Office of the United States Attorney for the Eastern District of California, and United States Attorney Eric Grant. (ECF Nos. 36 at 1; 37 at 1.) On April 28, 2026, the court issued an order finding a response from the United States unnecessary and deeming the motions

submitted. (ECF No. 39.)

Plaintiff filed his first motion for Rule 11 sanctions on April 23, 2026. (ECF No. 36.) The next day, Plaintiff filed a second motion for Rule 11 sanctions. (ECF No. 37.) It appears to the court that these motions are duplicative. Accordingly, the court will proceed only on ECF No. 36.

Plaintiff asserts that the United States' motion to dismiss included falsely identified and certified dates for: Plaintiff's complaint, the first motion to dismiss, and first amended complaint. (ECF No. 36 at 2.) Plaintiff further alleges that "despite written notice" and "documented efforts" to correct the United States' erroneous certification, the United States has failed to take appropriate measures to correct, retract, or withdraw the certification and thus should be sanctioned under Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 36 at 2.) There is a discrepancy between the ECF docket and the dates reported in Defendant's motion:

| Document | Misstated Filing Date | Public Docket |
|---|---|---|
| Complaint | January 29, 2026 | January 9, 2026 |
| Mot. to Dismiss | February 3, 2026 | March 3, 2026 |
| First Am. Complaint | February 9, 2026 | March 9, 2026 |

Moreover, Plaintiff argues that the docket reflects that the United States filed "exclusively dispositive motions – each timed to emergency relief … to avoid engag[ing] with the allegations [in] the First Amended Complaint," and thus sanctionable under Rule 11(b)(1). (ECF No. 36 at 3.)

For its part, Defendant filed a reply brief on April 2, 2026, acknowledging the incorrectly recited dates of the three pleadings, explaining the error was inadvertent, and apologizing for the same. (ECF No. 35 at 3 n.3.)

Plaintiff requests that the court impose sanctions against Assistant United States Attorney Alyson A. Berg, the Office of the United States Attorney for the Eastern District of California, and United States Attorney Eric Grant. Additionally, Plaintiff seeks: (1) the striking of false certifications in ECF No. 30-1, (2) fees and costs as documented in Exhibit A of ECF No. 36, (3) and such other relief as the court deems appropriate. (ECF No. 36 at 4.)

<u>LEGAL STANDARD</u>

The fundamental purpose of "Rule 11 is to reduce frivolous claims, defenses, or motions and to deter costly meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002) (cleaned up). "In analyzing whether a complaint is sanctionable under Rule 11, [courts] impose an objective standard of reasonableness and do not consider… the subjective good faith" of the attorney or unrepresented party. *Lake v. Gates*, 130 F.4th 1064, 1068 (9th Cir. 2025) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enter., Inc.*, 892 F.2d 802, 811 (9th Cir. 1989), *aff'd* 498 U.S. 533 (1991)). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C Co.,* 859 F.2d 1336, 1344-145 (9th Cir. 1988). Before sanctions are imposed under Rule 11, a court "must determine that [the representation] is both baseless and made without a reasonable and competent inquiry." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996).

<u>DISCUSSION</u>

The court does not find that sanctions or additional relief are warranted based on the arguments presented and declines to award fees and costs for Plaintiff's efforts in opposing the United States' motion to dismiss and pursuing sanctions under Rule 11. (ECF Nos. 32; 36.) The court declines to strike the filing reciting the erroneous (but, as noted below, corrected) dates and identifiers in ECF No. 30-1.

Rule 11(b)(3)[1] governs a party's representation to the court via pleading, written motion, or other paper, and requires that "the attorney or unrepresented party certif[y] that … the factual contentions [contained therein] have evidentiary support or … will likely have evidentiary

---

[1] Plaintiff's Rule 11 motions trains on Defendant's misstated recitation of dates. (ECF No. 36.) Citing Rule 11(b)(1), Plaintiff makes a passing reference to the two motions to dismiss Defendant filed in response to Plaintiff's original and first amended complaint, respectively. (ECF No. 36 at 3.) Plaintiff does not articulate a specific basis for concluding that either of Defendant's two motions to dismiss is sanctionable. *See Johnson v. Beard,* No. 15-CV-1313 TLN KJN P, 2022 WL 17258597 at *1 (E.D. Cal. Nov. 28, 2022) (denying sanctions where plaintiff fails to identify specific facts that allegedly rendered motion to dismiss frivolous). The court will evaluate the merit of Defendant's bases for resolution on the pleadings in due course.

support after reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. § 11(b)(3). "Rule 11 is not intended to be used against attorneys for minor violations." *Art Attacks Ink, LLC v. MGA Ent., Inc.,* No. 04-CV-1035- J-BLM, 2006 WL 8439887, at *8 (S.D. Cal. June 21, 2006).

There is no indication that the United States willfully misstated or malevolently certified the date of filing for the initial complaint, the first motion to dismiss, or first amended complaint. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (sanctions are available for "willful actions … combined with an additional factor such as frivolousness, harassment, or improper purpose"). (*See* ECF No. 30-1.) To the contrary, the United States apologized and stated that the inclusion of incorrect dates for three pleadings was "inadvertent." (ECF No. 35 at 3 n.3.) This apology occurred *before* Plaintiff filed his two motions for sanctions. *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 640 (9th Cir. 2010) (finding that a party who appropriately withdraws or corrects errors is not subject to sanction). The court finds that the misstated dates were minor, unintentional, and, consequently, not the type of conduct that Rule 11 seeks to deter. *See Holiday v. United States,* No. 17-CR-01370-AJB, 2025 WL 2109077 at *9 (S.D. Cal. July 28, 2025) (government's editing error did not warrant Rule 11 sanctions).

<u>A NOTE OF CAUTION TO PLAINTIFF</u>

Plaintiff's two Rule 11 motions were not close calls. Plaintiff is not exempt from the limitations of Rule 11 simply because he is proceeding without counsel. *See* E.D. Cal. L.R. 183. Plaintiff is advised that practitioners "invite retribution from courts . . . when [Rule 11] is invoked for an improper purpose." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 485 (3d Cir. 1987), *quoted in Int'l Aero Prods., LLC v. Aero Advanced Paint Tech. Inc.*, 325 F. Supp. 3d 1078, 1088 (C.D. Cal. 2018).

Nor was there a need for two Rule 11 motions. Hence, Plaintiff is further advised not to file duplicative documents. Comparing and contrasting what turn out to be identical filings is not a good use of judicial resources.

CONCLUSION AND ORDER

Accordingly, based on the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's motion for sanctions against Assistant United States Attorney Alyson A. Berg, United States Attorney Eric Grant, and the Office of the United States Attorney, Eastern District of California, (ECF No. 36), be DENIED;

2. Plaintiff's request to recover the costs incurred for 205 hours of "legal research, drafting, and preparing" ECF No. 32 and Rule 11 sanctions be DENIED;

3. Plaintiff's request to strike the erroneous dates and identifiers in ECF No. 30-1 be DENIED; and

4. The Clerk of the Court be directed to TERMINATE Plaintiff's second motion for Rule 11 sanctions, filed April 23, 2026, as duplicative. (ECF No. 37).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 30, 2026**                                    _____

UNITED STATES MAGISTRATE JUDGE