UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE N. EDMOND,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 1:26-cv-00140-KES-FJS<br>ORDER ADDRESSING PLAINTIFF'S REQUEST FOR DISABILITY-RELATED ACCOMODATIONS<br>(ECF No. 22)<br>ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE ELECTRONICALLY<br>(ECF No. 25) |

## I. BACKGROUND

On January 9, 2026, Plaintiff Jessie N. Edmond ("Plaintiff"), proceeding *pro se*, filed this action against the United States of America ("the Government"). (ECF No. 1.) Plaintiff's initial complaint asserts claims under the Federal Tort Claims Act ("FTCA") for medical negligence and requesting compensatory damages and costs. (*Id.*) On January 21, 2026, the Government was served and proof of service was filed on the docket. (ECF No. 5.) On March 2, 2026, Plaintiff filed a motion for a temporary restraining order. (ECF No. 6.) On March 3, 2026, the Government filed a motion to dismiss the complaint on the grounds that Plaintiff fails to plausibly allege facts necessary to state any cognizable claims against the United States. (ECF No. 7.)

On March 9, 2026, Plaintiff filed a first amended complaint (ECF No. 13), several supplements (ECF Nos. 14, 15, 16, 20), "Consolidated Jurisdictional and Sovereign Liability Statement" (ECF No.17), "Notice of Active Harm" (ECF No. 18), "Notice of Institutional Overlap and Preservation of Recusal Objection for Appellate Review" (ECF No. 19), an opposition to the Government's pending motion to dismiss (ECF No. 21), "Request for Disability Related Accommodations (ECF No. 22), "Notice of Supplemental Authority" (ECF No. 23), "Notice of Conditional Appearance" (ECF No. 24), "Motion for Permission to File Electronically" (ECF No. 25), and a "Supplemental Memorandum" (ECF No. 26.)

The court will first address Plaintiff's request for disability-related accommodations (ECF No. 22) and then address Plaintiff's motion for permission to file electronically (ECF No. 25).

## II. DISCUSSION

### A. Request for Disability Related Accommodations

Plaintiff's request for disability-related accommodations states that:

> Plaintiff is a disabled military veteran with service-connected conditions that directly affect cognitive function, emotional regulation, and sustained performance under adversarial stress. Relevant documented disabilities include Attention Deficit Hyperactivity Disorder (ADHD), Bipolar Disorder, Adjustment Disorder with mixed emotional features, and chronic pain conditions—all of which are service-connected and several of which are themselves the subject of the underlying litigation.

(ECF No. 22 at 2.)

Plaintiff explains that "[t]he adversarial dynamics already present in this matter—including the opponent's reliance on inapplicable authority presented without adequate contextual disclosure—impose acute stress that is clinically significant for a plaintiff with Plaintiff's documented diagnoses." (*Id.* at 3.) Plaintiff states that he "preserves, without waiving, all arguments that opposing conduct has exacerbated Plaintiff's disability-related limitations in the course of the litigation." (*Id.*)

Plaintiff requests the following accommodations "for all hearings, conferences, and case-related proceedings": (1) "the ability to request a brief recess at any point during a hearing or proceeding without requiring advance justification or explanation" not exceeding ten minutes to

allow Plaintiff to "regulate and resume meaningful participation," (2) "the presence of a certified court reporter for all hearings, status conferences, telephonic proceedings, and any other case-related interaction occurring before the [c]ourt," (3) "reasonable advance written notice—no less than seventy-two hours where practicable—of any changes to hearing dates, deadlines, or procedural requirements," (4) "that the [c]ourt consider, on application, granting extended response deadlines where opposing filings contain unusually complex, voluminous, or citation-dense argument," (5) that any procedural matters be communicated by the court and opposing counsel "in writing rather than orally where practicable," and (6) that Plaintiff is permitted "to have a non-attorney support person present during hearings for emotional support purposes" who "would not speak, participate in advocacy, or interfere with proceedings." (*Id*. at 3-5.)

Plaintiff asserts a right to these requested accommodations under Title II of the Americans with Disabilities Act[1] ("ADA") and the Local Rules, and further argues that "[n]one of the accommodations requested here alter the adjudicatory function of this [c]ourt, modify the substantive rules of civil procedure, or impose material burden on the opposing party or the [c]ourt's administration." (*Id.* at 5-6.)

The court notes that any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil Procedure, the Local Rules, and all other applicable law. All obligations placed on counsel by the Local Rules apply to individuals appearing *in propria persona*. L.R. 183(a). The court's findings as to each of Plaintiff's six enumerated requests above are as follows:

1. It is the court's practice to permit a brief recess at the request of the parties if so requested and if the recess will not prejudice the opposing party. Requests for a

[1] Plaintiff is advised that "[t]he plain language of Title II the ADA excludes the federal government from the reach of the [ADA]." *United States v. Hiramanek*, Case No. 6:16-po-0345 MJS, 2017 WL 1349580, at *5 (E.D. Cal. Apr. 6, 2017) (citing 42 U.S.C. § 12131(1)); *see also Mary Jo. C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 170 n.11 (2d Cir. 2013) ("Title II of the ADA is not applicable to the federal government[.]" (citation and internal quotation marks omitted)); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("the entire federal government is excluded from the coverage of the ADA."); *Williams v. McDonald's Corp.*, No. 220CV1214TLNDBPS, 2021 WL 1985024, at *1 (E.D. Cal. May 18, 2021).

recess can be raised and resolved during a hearing and a pre-emptive, blanket order on the contours of future recesses is not necessary.

2. It is the court's practice to conduct all proceedings in which a party is appearing *pro se* on the record. The parties may choose to order copies of certified transcripts of these hearings by coordinating with the Court Reporters Office (Fresno_ECRO@caed.uscourts.gov). Plaintiff is also directed to the Transcript Instruction and Ordering Form CAED-435. An order on this point is unnecessary.
3. It is the court's practice to provide reasonable advance notice of any changes to dates to all parties, and to issue written orders of its rulings. A further order on this point is unnecessary.
4. While the court will not grant a blanket extension to all deadlines, Plaintiff may seek additional time via motion or stipulation as necessary in the future pursuant to L.R. 144. A before-the-fact order on this point is unnecessary.
5. While it behooves the parties to maintain a written record of their communications, there are foreseeable instances where telephonic or even in-person communication might be appropriate. The court will not, therefore, foreclose non-written communications by order at this time. While the court acknowledges that Plaintiff's "where practicable" qualifier arguably creates some space for non-written communications, that qualifier also introduces ambiguity as to whether the order Plaintiff seeks might have been violated.
6. Unless a proceeding is conducted under seal, all proceedings are conducted in open court and Plaintiff may be accompanied by anyone whom he wishes, provided that that individual is not disruptive to the ongoing proceedings.

Accordingly, Plaintiff's requests for reasonable accommodations are DENIED without prejudice for the reasons stated above.

B. <u>Plaintiff's Motion for Leave to Use the Court's CM/ECF System</u>

On March 9, 2026, Plaintiff filed a motion for permission to file electronically. (ECF No. 25.) Plaintiff argues that the paper filing requirement constitutes a financial, physical, and

cognitive burden. (*Id.* at 5-6.) Plaintiff further argues that the paper filing requirement is redundant:

> Every document Plaintiff prints, assembles, and mails to this Court is a document the defendant already possesses in federal databases it created, maintains, curates, and controls—including the VA VISTA system, SSA claims records, and DON PEB archives. These systems share data across federal agencies. FOIA exemptions simultaneously restrict Plaintiff's own access to his file. The defendant requires Plaintiff to produce in physical form the evidence of harm that the defendant caused, recorded, and archived. Plaintiff is not providing new information. Plaintiff is being required to perform a physical ritual that serves no evidentiary function and imposes documented clinical harm in the process of compliance.

(*Id.* at 6.) Plaintiff also argues that he is entitled to access to the court's CM/ECF system under Title II of the ADA. (*Id.* at 7-8.) Finally, Plaintiff argues that he has the technical ability to navigate the court's electronic docket and file documents in PDF format. (*Id.* at 8.)

Pursuant to the Local Rules, a *pro se* party shall file and serve paper documents and may not utilize electronic filing unless granted permission by the court. L.R. 133(a)-(b). A *pro se* party may request an exception to the paper filing requirement from the court by filing a stipulation of the parties, or "if a stipulation cannot be had, [a] written motion[] setting out an explanation of reasons for the exception." L.R. 133(b)(3).

Upon review of the pleadings in this action and the instant request, the court finds that this action currently does not warrant an exception to the Local Rule. Documents intended to be filed with the court must be mailed to the Clerk of the Court. See L.R. 134(a).

Accordingly, Plaintiff's motion for permission to utilize electronic filing is DENIED without prejudice.

## III. CONCLUSION AND ORDER

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for disability-related accommodations (ECF No. 22) is DENIED without prejudice, and
2. Plaintiff's motion for permission to utilize electronic filing (ECF No. 25) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 21, 2026**

UNITED STATES MAGISTRATE JUDGE