UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE N. EDMOND,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | Case No. 1:26-cv-00240-KES-FJS<br><br>FINDING AND RECOMMENDATION THAT PLAINTIFF'S FIRST MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 6)<br><br>FINDING AND RECOMMENDATION THAT PLAINTIFF'S SECOND MOTION FOR A TEMPORARY RESTRAINING ORDER BE DENIED<br><br>(ECF No. 28)<br><br><u>FOURTEEN (14) DAY DEADLINE</u> |

## I. <u>INTRODUCTION</u>

On January 9, 2026, Plaintiff Jessie N. Edmond ("Plaintiff"), proceeding *pro se*, filed this action against the United States of America. (ECF No. 1.) On March 2, 2026, Plaintiff filed a motion for a temporary restraining order. (ECF No. 6.)

On March 9, 2026, Plaintiff filed a first amended complaint as a matter of course and alleged the following claims under the Federal Tort Claims Act and provisions of California state law: (1) Medical Negligence and Malpractice, (2) Continuing Tort, and (3) State-Created Danger. (ECF No. 13 at 55-59.) That same day Plaintiff filed: (1) "Second Supplement to Plaintiff's Motion for

a Temporary Restraining Order;" (2) "Third Supplement to Plaintiff's Motion for Temporary Restraining Order;" (3) and "Fourth Supplement to Plaintiff's Motion for a Temporary Restraining Order." (ECF Nos. 14, 15, 16.) On March 16, 2026, Plaintiff filed his second motion for a temporary restraining order. (ECF No. 28.)

On June 5, 2026, in Courtroom 8 (FJS), the parties appeared in person before the undersigned and agreed to submit the pending motions without additional briefing or argument. (ECF No. 44.) Accordingly, this matter is ready for review.

## II. BACKGROUND

### A. Plaintiff's First Motion for a Temporary Restraining Order

Plaintiff moved for a temporary restraining order and preliminary injunction on March 2, 2026.[1] (ECF No. 6.) Plaintiff requests:

(1) A temporary restraining order staying the January 21, 2026, disability cessation determination from the Social Security Administration; and

(2) Reinstatement of Plaintiff's benefits, as well as the benefits of his dependents, to the pre-cessation baseline, pending resolution of this motion and action; and

(3) Issuance of a preliminary injunction maintaining stay of the January 21, 2026, disability cessation determination from the Social Security Administration; and

(4) Issuance of the enumerated factual findings identified by Plaintiff and service of those findings to the Social Security Administration; and

(5) An order directing the Commissioner of Social Security to conduct a mandatory redetermination of Plaintiff's disability status using corrected records, while excluding those records that were improperly inserted into Plaintiff's administrative file; and

(6) An order directing the government to produce the complete administrative record that prompted the Social Security Administration's termination of benefits to facilitate meaningful resolution of the pending motions and action; and

---

[1] Because the parties are familiar with the pleadings and the docket, the court summarizes the relevant portions of Plaintiff's motion only briefly.

(7) Issuance of a permanent injunction prohibiting the United States and its agencies, employees, and instrumentalities from taking retaliatory action against the Plaintiff; and

(8) Adoption of a presumption that any adverse action taken against Plaintiff is government retaliation absent clear and convincing evidence; and

(9) Grant Plaintiff such other and further relief as the court deems just and proper.

*Id.*

B. Plaintiff's Second Motion for a Temporary Restraining Order

Plaintiff filed a second motion for a temporary restraining order on March 16, 2026. (ECF No. 28.) While some of the requests Plaintiff makes are duplicative in nature of those requests made in Plaintiff's first temporary restraining order, the court finds it helpful to summarize each of Plaintiff's requests. Specifically, Plaintiff seeks:

(1) A temporary restraining order preventing the Department of Veterans Affairs, the Department of Justice, and the Special Assistant United States Attorney, and all those persons acting at their discretion from acting under or in connection with a March 4, 2026, Memorandum of Understanding between the Department of Justice and the Department of Veterans Affairs.[2] In particular, Plaintiff wants protection from government action that would commence any conservatorship, guardianship, or involuntary commitment proceeding against Plaintiff; and

(2) An order directing the Social Security Administration to restore benefits retroactive to January 21, 2026, to Plaintiff and his dependent. Plaintiff further requests that these payments be issued to him pending the resolution of this litigation; and

(3) The recall of District Judge Kirk E. Sherriff's order referring Plaintiff's first motion for a temporary restraining order to Magistrate Judge Frank J. Singer; and

[2] The court notes that the correct publication date of the memorandum of understanding that Plaintiff appears to be citing is March 11, 2026. *See* VA, DOJ Sign Agreement to Improve Care for Nation's Most Vulnerable Veterans, https://news.va.gov/press-room/va-doj-sign-agreement-to-improve-care-for-nations-most-vulnerable-veterans/, March 11, 2026 (last accessed June 5, 2026).

(4) A ruling on Plaintiff's second motion for a temporary restraining order by District Judge Kirk E. Sherriff, without referral to a magistrate judge; and

(5) An order directing the Department of Veterans Affairs to freeze and preserve Plaintiff's complete health record. Additionally, the Department of Veterans Affairs should certify in writing within (5) days of this order that no changes have been made to Plaintiff's health record since the filing of this action; and

(6) Judicial notice of the Memorandum of Understanding between the Department of Justice and the Department of Veterans Affairs pursuant to Federal Rule of Evidence section 201; and

(7) Issuance of a standing judicial trigger order that would require the government to identify the current status of custodial proceedings against Plaintiff, the current location of Plaintiff, changes to Plaintiff's health record, and the identity of government attorneys connected in proceedings against Plaintiff, provided Plaintiff fails to engage with the action as required for a period exceeding twenty-one (21) days.

*Id.*

## III. LEGAL STANDARDS

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public

interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). This court's Local Rules also set forth certain procedural mandates for a TRO to issue, including that the movant provide the following documents: (1) a complaint; (2) a motion for TRO; (3) a brief on the relevant legal issues; (4) an affidavit to support the existence of irreparable harm; (5) an affidavit detailing the notice or efforts undertaken or showing good cause why notice should not be given; (6) a proposed TRO and provision for bond; and (7) a proposed order with blank for fixing time and date for a hearing. Local Rule 231(c) (E.D. Cal. 2026).

## IV. DISCUSSION

As an initial matter, the court notes that both the first and second motions for a temporary restraining order comply with Local Rule 231(c). Furthermore, due to Plaintiff's extensive requests in his motions for temporary restraining orders and preliminary injunctions, many of which are miscellaneous or administrative in nature, the court finds it helpful to discuss Plaintiff's requested relief in four categories: (1) evidentiary requests, (2) social security requests (3) procedural requests, and (4) requests for injunctive relief. The court will consider each of the categories in turn.

### A. Evidence Requests

For convenience, the court categorizes Plaintiff's following requests as evidentiary in nature: (1) government production of the complete administrative record being used in Plaintiff's pending continuing disability review (ECF No. 6 at 34 ¶ 23), (2) government preservation of Plaintiff's complete administrative record pending resolution of the litigation (ECF No. 28 at 26 ¶ 48), (3) government certification of whether Plaintiff's Veterans Affairs health record has been accessed or changed since the date of his last court appearance (*Id.* at 27 ¶ 49(c)), and (4) a request for judicial notice of the March 11, 2026, Memorandum of Understanding between the Department of Justice and the Department of Veterans Affairs (*Id.* at 27 ¶ 51). The court will first address Plaintiff's request for production (item 1) and then Plaintiff's evidentiary preservation requests (items 2 and 3). Lastly the court will address Plaintiff's request for judicial notice (item 4).

As to item 1, to the extent that Plaintiff seeks production of his administrative record and health record as documented by the Department of Veterans Affairs and the Social Security Administration, the court finds an order on this point unnecessary at this time because of the pending motion to dismiss. And the parties will address whether Rule 26(a)(1)(B)(i) exempts this lawsuit from initial disclosures and other forms of discovery when the parties submit a joint conference statement and discovery plan. The timing of that plan turns on resolution of the pending motion to dismiss.

As to items 2 and 3, to the extent that Plaintiff requests an order reiterating the government's automatic and mandatory duty to preserve evidence, the court finds such an order unnecessary. (*See* ECF No. 28 at 31.) "A party has a duty to preserve documents or things in its possession, custody or control if it has some notice that the documents or things are potentially relevant to existing or reasonably anticipated litigation." *Scalia v. Cnty. of Kern*, 576 F. Supp. 3d 703, 706 (E.D. Cal. 2021). "Before additional measures to preserve evidence are implemented, there must be some showing that there is reason for the court to be concerned that potentially relevant evidence is not being preserved and that the opposing party may be harmed as a result." *Nabors v. City of Modesto*, No. 2:26-CV-01719-DAD-SCR, 2026 WL 1480491, at *2 (E.D. Cal. May 27, 2026). "An order requiring the preservation of evidence may be appropriate considering (1) concerns 'for the continuing existence and maintenance of the integrity of the evidence in question'; (2) 'any irreparable harm likely to result to the party seeking the preservation of the evidence;' and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.'" *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198 (E.D. Cal. 2020) (quoting *Jardin v. Datallegro, Inc.*, No. 08-1462I, 2008 WL 4104473, at *1 (S.D. Cal. Sept. 3, 2008)).

Here, Plaintiff's preservation concerns focus on the administrative proceedings that predate this lawsuit, held on May 18, 2025, when Plaintiff initially filed his SF-95 form. (ECF No. 28 at 31.) Even if this court accepts Plaintiff's allegations of past alteration of the administrative record as true, absent any showing that the government has failed to comply with its duty to preserve potentially relevant evidence since the government received notice of

Plaintiff's administrative action on May 18, 2025, or this suit on January 9, 2026, the court declines to grant further evidentiary orders. Based on the foregoing, Plaintiff has not made a showing suggesting that the government will not comply with its duty to preserve evidence absent a court order.

As to the fourth item, the court declines to take judicial notice of the March 11, 2026, memorandum of understanding between the Department of Justice and Department of Veterans Affairs at this time. Rule 201(b) of the Federal Rules of Evidence provides that a court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). While the existence of the memorandum or even its text may be an appropriate subject for judicial notice, depending on context, it is not evident to the court that taking notice at this time is fruitful. Nor does taking judicial notice of the existence or text of the memorandum tend to satisfy the elements of Plaintiff's request for emergency relief against a hypothetical government-initiated process for Plaintiff's commitment or institutionalization. The court, therefore, recommends against taking judicial notice of the memorandum at this time in the context of an emergency motion.

For the reasons explained above, the undersigned finds and recommends that Plaintiff's request for document production, evidentiary preservation orders, and judicial notice be DENIED.

B. Social Security Requests

For convenience the court categorizes Plaintiff's following requests as social security requests: (1) issuance of a temporary restraining order that imposes an immediate stay of the Social Security Administration's January 21, 2026, disability cessation determination[3] (ECF No.

---

[3] The court notes that Plaintiff makes a similar request in paragraph 20. (*See* ECF No. 6 at 34 ¶ 20.) Specifically, Plaintiff requests that the court "issue a preliminary injunction maintaining a stay and restoration of the [Social Security Administration's disability cessation determination] throughout pendency of [the] litigation." (*Id.*) Given that the analysis for a request for a temporary restraining order and a request for a preliminary injunction is "substantially identical," the court finds a separate discussion of Plaintiff's request for a preliminary injunction

6 at 34 ¶ 19), (2) restoration of disability benefits for Plaintiff and his dependents (*Id.*; ECF No. 28 at 27 ¶ 50), (3) issuance of factual findings Plaintiff enumerated coupled with an order binding those findings to the Social Security Administration (ECF No. 6 at 34 ¶ 21), and (4) mandatory redetermination of Plaintiff's disability determination by the Social Security Administration (ECF No. 6 at 34 ¶ 22).

As an initial matter, Plaintiff's first amended complaint appears to challenge the handling of Plaintiff's benefits by Department of Veterans Affairs, pursuant to the Federal Tort Claim Act.[4] (*See* ECF No. 13.) Plaintiff states that he has lodged an SF-95 form with the Department of Veterans affairs with "over [thirty] 30 itemized and specific torts," but does not otherwise indicate any administrative steps he has taken to challenge to the alleged denial of his social security benefits by the Social Security of Administration (ECF No. 6 at 2 ¶ 1.)

Here, there are three obstacles that frustrate Plaintiff's request for emergency relief on these Social Security-related requests.

- First, the relief Plaintiff seeks does not maintain the status quo prior to the filing of this lawsuit; it instead compels affirmative action on the part of the government. And it purports to resolve Plaintiff's claims on substance and with finality. This is an improper use of emergency relief. *See Villegas v. Schulteis,* No. 1:09-CV-00493-AWI-SKO (PC), 2010 WL 3341888 (E.D. Cal. Aug. 25, 2010), *report and recommendation adopted*, No. 1:09-CV-00493-AWI-SKO (PC), 2010 WL 4723058 (E.D. Cal. Nov. 15, 2010) (denying a request for a preliminary injunction where the "relief requested is not injunctive in nature."); *see also J.O. ex rel. C.O. v. Orange Twp. Bd. of Educ.,* 287 F.3d 267, 273 (3d Cir. 2002) ("[A] temporary restraining order cannot constitute the type of merit-based relief that affords a plaintiff prevailing party status.") (citations omitted).

---

unnecessary. *Id.; see also Granny Goose Foods, Inc.,* 415 U.S. at 439. For the reasons explained in the court's discussion of Plaintiff's request for a temporary restraining order (ECF No. 6 at 34 ¶ 19), the court also recommends denying Plaintiff's request for a preliminary injunction.

[4] The court will address the merits of Plaintiff's claims in a separate findings and recommendation in response to the government's pending motion to dismiss. (*See* ECF No. 30.)

- Second, Plaintiff has not established a likely of success on the merits because he does not allege facts or provide evidence of his exhaustion of administrative remedies. The Ninth Circuit explained that all claimants must exhaust the administrative remedies set forth in 42 U.S.C. § 405(g) to invoke the district court's jurisdiction over a social security matter. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (per curiam). Section 405(g) further provides "that a civil action may be brought only after (1) the claimant has been party to a hearing held by the Secretary, and the (2) Secretary has made a final decision on the claim." *Id*. Yet a decision is "not final until the Appeals Council denies review, or if it accepts a case for review, issues its own findings on the merits." *Brewes v. Comm'r of Soc. Sec. Admin.,* 682 F.3d 1157, 1162 (9th Cir. 2012).[5]
- And third, Plaintiff further fails to establish a likelihood of success on the merits for his social security requests because a challenge to the termination of social security benefits is not cognizable under the Federal Tort Claims Act. *Hooker v. Dep't of Health and Human Servs.,* 858 F. 2d 525, 530 (9th Cir. 1988) (holding that in creating an administrative remedial scheme for aggrieved persons contesting the termination of benefits, Congress intended to limit Federal Tort Claim Act suits against the Social Security Administration). *See also Villarino v. Soc. Sec. Admin.: Manager, 1521 N. Carpenter Rd., Suite 1, Modesto, CA 95354,* No. 1:18-CV-01112-DAD-EPG, 2018 WL 5095125, at *3 (E.D. Cal. Oct. 17, 2018) (finding the court lacks subject matter jurisdiction over Plaintiff's tort claims premised on the denial of supplemental security income benefits).

Consequently, the undersigned finds and recommends that Plaintiff's social security requests for a stay of disability benefit cessation, reinstatement of disability benefits pending

---

[5] Even if the social security matters are determined to be only ancillary to Plaintiff's claims, where the court's jurisdiction in a matter remains uncertain, Plaintiff cannot generally establish a strong likelihood of success on the merits. *See Gonzales v. California Dep't of Corrections & Rehabilitation*, No. 1:19-CV-01467-AWI-BAM (PC), 2022 WL 16926146, at *2 (E.D. Cal. Nov. 14, 2022), report and recommendation adopted, No. 1:19-CV-01467-AWI-BAM (PC), 2023 WL 171381 (E.D. Cal. Jan. 12, 2023).

resolution of the proceeding, issuance of specific findings of fact to the agency, and a redetermination of Plaintiff's disability benefits be DENIED.

C. Procedural Requests

For convenience, the court categorizes the following requests by Plaintiff as procedural: (1) a standing order for the government to report on four enumerated questions if Plaintiff fails to engage as required for a period exceeding twenty-one (21) days (ECF No. 28 at 26 ¶ 49), (2) recall of the district judge's referral of Plaintiff's first motion to dismiss to the assigned magistrate judge (*Id.* at 27 ¶ 47), and (3) a ruling on Plaintiff's second motion for a temporary restraining order without referral to a magistrate judge (*Id.* at 27 ¶ 52). The court will address each of Plaintiff's requests in turn.

As to item 1, Plaintiff alleges that he is entitled to a judicial standing order that would require the government, in the event that Plaintiff does not engage with the action as required for a period exceeding twenty-one days, to certify: (a) whether the government has initiated any institutionalization of Plaintiff, (b) the current location and custodial status of Plaintiff, (c) the last date of government access to Plaintiff's Veterans Affairs health record, (d) and the name of attorneys involved in proceedings involving Plaintiff. (ECF No. 28 at 26 ¶ 49). But a standing order is a generally applicable order in all cases before a given court or judge. To the extent Plaintiff seeks reassurance that the government will inform the court of other actions it may bring against Plaintiff, the court finds an order unnecessary. The court already imposes an obligation on the parties to notify the court of related cases where there is reason to believe that "an action on file or about to be filed may be related to another action on file." *See* L.R. 123(b).

As to items 2 and 3, Plaintiff's insistence that District Judge Kirk E. Sheriff rule on Plaintiff's first motion for a temporary restraining order (ECF No. 6) and Plaintiff's second motion for a temporary restraining order (ECF No. 28) without the referral to a magistrate judge is not the proper subject of an emergency motion and is not likely to succeed on the merits. Certainly, "[l]itigants in federal court are entitled to have their cases determined by Article III district judges." *Gray v. Khoo,* No. 1:20-CV-01047-ADA-SAB, 2022 WL 4473350, at *1 (E.D. Cal. Sept. 26, 2022) (citing *Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc.*, 725

F.2d 537, 541 (9th Cir. 1984)). Yet, 28 U.S.C. § 636 authorizes district judges to "designate a magistrate judge to … submit to a [district] judge of the court proposed finds of fact and recommendation," such as a motion for injunctive relief. *See* 28 U.S.C §§ 636 (b)(1)(A), (b)(1)(B); *see also Victor v. S.W. Wine & Spirits, LLC*., No. 2:23-cv-00690-MEMF-PD, 2025 U.S. Dist. LEXIS 191075 (C.D. Cal. Aug. 13, 2025) (denying plaintiff's emergency motion to vacate referral to the magistrate judge). Therefore, the district judge was statutorily authorized to refer Plaintiff's first and second motions for a temporary restraining order for findings of recommendations. Accordingly, the undersigned finds and recommends that these requests be denied. Plaintiff will have the oversight he seeks from District Judge Kirk E. Sherriff in due course upon the adoption or refusal of the undersigned's findings and recommendations.

For the reasons outlined above, the undersigned finds and recommends that Plaintiff's procedural requests be denied.

D. Injunctive Relief

For convenience the court categorizes Plaintiff's following requests as requests for injunctive relief: (1) issuance of a permanent injunction prohibiting the government and its agents from taking any adverse and/or retaliatory action against Plaintiff (ECF No. 6 at 35 ¶ 24) and (2) a temporary restraining order restraining the government and its agents from acting in connection with the March 11, 2026, memorandum of understanding between the Department of Justice and Department of Veterans Affairs (ECF No. 28 at 25 ¶ 45).[6] Noting that the full legal standard for preliminary injunctive relief is outlined above, *supra* Part IV.B, the court addresses both requests in turn.

---

[6] Currently, the court does not have the full text of the March 11, 2026, memorandum of understanding between the Department of Justice and the Department of Veterans Affairs available to it. Yet based on a March 11, 2026, joint press release issued by the agencies, the memorandum: "gives [the Department of Justice] the authority to appoint [Veterans Affairs] attorneys as special assistant U.S. attorneys. [This] will give [Veterans Affairs] attorneys the legal authority to initiate and participate in state court guardianship or conservatorship proceedings in cases where a legal decision-maker is required for post-acute transitions of care for these vulnerable Veterans." *See* Dep't of Veterans Affairs News, *VA, DOJ Sign Agreement to Improve Care for Nation's Most Vulnerable Veterans*, https://news.va.gov/press-room/va-doj-sign-agreement-to-improve-care-for-nations-most-vulnerable-veterans/, March 11, 2026 (last accessed September 29, 2026).

As to item 1, the undersigned finds and recommends that a preliminary injunction to prohibit the government from taking "retaliatory" action should *not* be issued. The government—like any other private party—must refrain from presenting "a pleading, written motion, or other paper … for any improper purpose." *See* Fed R. Civ P. 11(b). Therefore, any order reiterating the relevant Federal Rules of Civil Procedure or other Local Rules that the government is already obligated to follow is unnecessary at this time. And Plaintiff has not shown a basis for an abstract injunction that prohibits "any adverse action against Plaintiff in retaliation for the exercise of Plaintiff's constitutional rights." (ECF No. 6 at 35 ¶ 24.)

As to item 2, the undersigned declines to find and recommend that a temporary restraining order should issue to restrain the government from acting in connection with the March 11, 2026, memorandum of understanding between the Department of Justice and the Department of Veterans Affairs. The court recognizes that Plaintiff's benefits are his sole source of income for himself and his dependent. (ECF No. 6 at 105.) But Plaintiff has not demonstrated that the Social Security Administration funds ordinarily provided to him cannot be recovered, should Plaintiff establish an entitlement to them. Plaintiff's monetary loss may be recouped if Plaintiff is ultimately successful in his appeal of the Commissioner of Social Security's denial of social security benefits. *See* 42 U.S.C. § 405(g); *see also Treichler v. Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090 (9th Cir. 2014). Accordingly, Plaintiff has not shown that he has suffered a form of "irreparable harm" that the court may issue injunctive relief for. *See Thakur v. Trump,* 176 F.4th 1187 (9th Cir. 2026) ("[T]he loss of money is not typically considered irreparable harm," but "that changes if the funds cannot be recouped and are thus irrevocably expended") (quoting *National Institutes of Health v. American Public Health Association*, 145 S. Ct. 2658 (2025).

To the extent that Plaintiff's first amended complaint (ECF No. 13), is attempting to challenge the denial of benefits the Department of Veterans Affairs otherwise provided to him, neither of Plaintiff's pending motions demonstrate a likelihood of success on the merits. *See Rebich v. Dept. of Veterans Affairs,* No. CV 19-26-M-DWM, 2020 WL 264324, at *1 (D. Mont. Jan. 17, 2020) ("The [Veterans Judicial Reform Act] bars judicial review of any decision by the VA Secretary 'that affects the provision of benefits ... to veterans or the dependents or survivors

of veterans.'") (citing 38 U.S.C. § 511). Furthermore, "review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts, [and] outside the review scheme established by the [Veterans Judicial Reform Act]." *Veterans for Common Sense v. Shinseki,* 678 F.3d 1013, 1023 (9th Cir. 2012). These jurisdictional restraints apply even if Plaintiff "dresses his claim as a constitutional challenge." *Id.* If there are cognizable Fifth Amendment claims in Plaintiff's complaint, the court will identify and evaluate them in due course.

V. FINDINGS AND RECOMMENDATIONS

For the reasons explained above, the undersigned FINDS AND RECOMMENDS that:

(1) Plaintiff's first motion for a temporary restraining order and preliminary injunction (ECF No. 6), be DENIED in its entirety; and

(2) Plaintiff's second motion for a temporary restraining order and preliminary injunction (ECF No. 28), be DENIED in its entirety.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). Within fourteen (14) days after being served with a copy of these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated: **October 1, 2026**

UNITED STATES MAGISTRATE JUDGE